UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>DASHAWN BENSON and<br>DERRICK HARRISON,<br><br>                                    Defendants. | Case No.:  21cr3086-GPC-MDD<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' OBJECTION TO RELEASE OF MATERIAL WITNESSES**<br><br>[ECF No. 43] |

On February 10, 2022, Defendants Dashawn Benson and Derrick Harrison filed an objection to the release of material witnesses following their videotaped depositions.  (ECF No. 43).  On February 17, 2022, the material witnesses filed a response in opposition.  (ECF No. 45).  This Report and Recommendation is submitted to United States District Judge Gonzalo P. Curiel pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.  On February 23, 2022, the Court held a hearing on the matter.  (ECF No. 46). For the reasons stated at the hearing and herein, the Court **RECOMMENDS** that Defendants' objection be **OVERRULED**.

## I. RELEVANT BACKGROUND

Defendants Benson and Harrison are charged in a three-count information with Transportation of Certain Aliens and Aiding and Abetting (felony) in violation of Title 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). (ECF No. 24). The videotaped depositions of three material witnesses were taken on February 9, 2022. (ECF No. 43). Defense counsel was present at the depositions and had an opportunity to cross-examine the material witnesses. (*Id.* at 2). On February 10, 2022, Defendants filed the instant motion objecting to the release of the three material witnesses. (*Id.*).

## II. LEGAL STANDARD

18 U.S.C. § 3144 concerns the release or detention of a material witness. It permits a judicial officer to order the arrest of a material witness to a criminal proceeding "if it is shown that it may become impracticable to secure the presence of the person by subpoena . . . ." 18 U.S.C. § 3144. "No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure." *Id.*

Federal Rule of Criminal Procedure 15 permits a party to "move that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). Witnesses detained pursuant to 18 U.S.C. § 3144 "may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript." Fed. R. Crim. P. 15(a)(2).

"'Read together, Rule 15(a) and § 3144 provide a detained witness with a mechanism for securing his own release.'" T*orres-Ruiz v. U.S. Dist. Ct.*, 120 F.3d 933, 935 (9th Cir. 1997) (quoting *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 413 (5th Cir. 1992)).  A petitioner must file a written motion demonstrating his testimony can be adequately secured by a deposition, and that further detention is not needed to prevent a failure of justice.  *Id.*  "Upon such showing, the district court *must* order his deposition and prompt release." *Id.*

### III.  DISCUSSION

According to Defendants, the material witnesses' testimonies are exculpatory and "revealed numerous inconsistencies both as to one another, as well as previous testimony and statements they made post-arrest, and during their interviews with the defense." (ECF No. 43 at 6).  Defendants argue that they will not have had an opportunity to adequately cross-examine the material witnesses *if* the government "comes up with additional discovery prior to trial . . . ." (*Id.* at 4).  Defendants also assert that a jury must have the opportunity to assess their credibility after observing their live testimony at trial. (*Id.*).  As such, Defendants contend that releasing the material witnesses and deporting them to Mexico would violate their Constitutional Rights guaranteed by the Confrontation Clause and Compulsory Process Clause under the Sixth Amendment, and the Due Process Clause under the Fifth Amendment.  (*See generally*, *id.*).

Defendants have not shown that the release of the material witnesses would result in a failure of justice because defense counsel had an opportunity to cross-examine the material witnesses at the depositions.  *United States v. Matus-Zayas*, 655 F.3d 1092, 1099-1100 (9th Cir. 2011) (holding that a district court "*must* order [a material witness'] deposition and prompt release when it

has been demonstrated that the material witness' testimony can adequately be secured by deposition, and that further detention is not necessary to prevent a failure of justice.") (internal quotation marks omitted); *United States v. Yida*, 498 F.3d 945, 950-52, 58 (9th Cir. 2007) (holding that a video deposition satisfies the Confrontation Clause's requirement that the accused have a prior opportunity to depose the declarant); s*ee also United States v. Renteria-Castillo*, 721 Fed. App'x 708, 709 (9th Cir. 2018) (finding no constitutional violation where a material witness had been deported prior to trial because the witness had a video deposition and defense counsel had an opportunity to cross-examine the witness at the deposition).  Any argument that the government might disclose additional evidence between the deposition and trial that could be useful for cross-examination and impeachment at trial is speculative.[1]  Defendants have not shown that the material witnesses would be purposely deported to gain an unfair advantage at trial.  Rather, if the witnesses are deported, it would be in conformity with the common practice in this district for deposing material witnesses pursuant to 18 U.S.C. § 3144.  Also, any value in requiring the material witnesses to be physically present to testify at trial is cumulative given their videotaped testimony.  "[T]he mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth-determining process in criminal trials by assuring that 'the trier of fact [has] a satisfactory basis for evaluating

---

[1] For this reason, Defendants' arguments under the Compulsory Process and Due Process Clauses are also without merit.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 872-73 (1982) ("The mere fact that the Government deports [material] witnesses is not sufficient to establish a violation of the Compulsory Process Clause of the Sixth Amendment or the Due Process Clause of the Fifth Amendment.  A violation of these provisions requires some showing that the evidence *lost* would be both material and favorable to the defense.") (emphasis added).

the truth of the prior statement.'" *Dutton v. Evans*, 400 U.S. 74, 89 (1970) (quoting *California v. Green*, 399 U.S. 149, 161 (1970)). That is met by a videotaped deposition.

### IV.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** Defendants' objection to the release of the material witnesses be **OVERRULED**.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **March 9, 2022.** The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **March 16, 2022**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:   February 23, 2022

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge